UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**LEXINGTON**

| | |
|---|---|
| ASHLEY MAE WEBB, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 5:09-CV-314-JMH |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| JESSAMINE COUNTY FISCAL | ) |
| COURT, et al., | ) |
| | ) |
| Defendants. | ) |

** ** ** ** ** ** ** ** **

This action is again before the Court on Defendants' Motion for Summary Judgment [Record No. 65] in order to resolve that Motion with respect to Plaintiff's claims against Defendant William Neal Cassity, in his official capacity, which were not addressed by the Court's previous order regarding this motion [Record No. 97]. Plaintiff has filed a Response [Record No. 70], Defendants have submitted a timely Reply [Record No. 73], and Plaintiffs have filed a Sur-Reply [Record No. 76]. As an initial matter, the Court incorporates the standard of review and statement of facts as set forth in its Memorandum Opinion and Order of August 5, 2011 [Record No. 97].

As to Plaintiff's claims against Cassity, Plaintiff has not set forth enough evidence against Defendant, in his official capacity, to survive his Motion for Summary Judgment. This Court construes Plaintiff's suit against Defendant, in his official capacity, as against the office he represents, namely, the Jessamine County Fiscal Court. *See Will v. Mich. Dep't of State*

*Police*, 491 U.S. 58, 70-71 (1989); *see also* [Record No. 97, pp. 24-27] (granting summary judgment to Defendant as to Plaintiff's claims against other named defendants in their official capacity). A local government, however, cannot be held liable on a theory of respondeat superior, but rather only when the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy" causes a violation under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Thus, Plaintiff must show an express policy or a widespread practice that "is 'so permanent and well settled as to constitute a custom or usage' with the force of law" resulted in a violation of her constitutional rights in order to hold Defendant liable, in his official capacity. *City of St. Louis v. Proprotnik*, 485 U.S. 112, 127 (1988) (quoting *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 167-68 (1970)).

As stated in this Court's Memorandum Opinion and Order of August 5, 2011 [Record No. 97], Plaintiff has failed to show that a policy or custom existed, let alone that it resulted in a deprivation of her constitutional rights. As an initial matter, Plaintiff has failed to show any written or express policy by the Jessamine County Fiscal Court that resulted in any potential violation of the Eighth Amendment. While Plaintiff has drawn this Court's attention to the guidelines set forth in the JCDC Policy and Procedure Manual, she does not state how those policies

resulted in her harm. Rather, Plaintiff argues that the failure of jail staff to adhere to those policies, approved by the Jessamine County Fiscal Court, violated her protection from cruel and unusual punishment guaranteed under the Eighth Amendment. Thus, Plaintiff has failed to show how the JCDC polices, adopted by the Jessamine County Fiscal Court, resulted any constitutional violation.

In addition, Plaintiff has not demonstrated a custom which reveals "deeply embedded traditional ways of carrying out state policy [reflecting] a course of action deliberately chosen from various alternatives" which are attributable to the Jessamine County Fiscal Court. *Cash v. Hamilton Cnty. Dep't of Adult Prob.*, 388 F.3d 539, 543 (6th Cir. 2004) (quoting *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507-08 (6th Cir. 1996)). Rather, the evidence shows, at best, individual jail employees making decisions and taking actions. It does not indicate "that this was anything more than a one-time isolated event for which the county is not responsible." *Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) (citation omitted). Thus, as no reasonable jury could find for the Plaintiff that a policy or custom existed at the Jessamine County Fiscal Court that resulted in a potential constitutional violation, the Court grants Defendants' Motion for Summary Judgment as to Plaintiff's § 1983 claim against Defendant Cassity, in his official capacity. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

Additionally, Defendant Cassity, in his official capacity, enjoys immunity from Plaintiff's state law claims of negligence and intentional infliction of emotional distress. Kentucky law extends sovereign or governmental immunity to political subdivisions of the state, such as Jessamine County. *Jones v. Cross*, 260 S.W.3d 343, 345 (Ky. 2009) (citation omitted). Kentucky courts construe complaints against county officials, sued in their representative or official capacities, as against the state. *Yanero v. Davis*, 65 S.W.3d 510, 518 (Ky. 2001). Thus, Defendant, in his official capacity, cannot be sued "except upon a specific and explicit waiver of sovereign immunity." *Commonwealth v. Whitworth*, 74 S.W.3d 695, 699 (Ky. 2002).

As discussed in the Memorandum Opinion and Order of August 5, 2011 [Record No. 97], Plaintiff's argument that the Kentucky General Assembly has waived this immunity through statute has no merit. As a basis for her argument that Kentucky statute acts as a waiver, Plaintiff relies on KRS § 71.040, which states:

> At the time of booking, the jailer shall receive and keep in the jail all persons who are lawfully committed thereto, until they are lawfully discharged, unless the person is in need of emergency medical attention, in which case the arresting officers shall obtain medical attention for the person prior to delivery to the jail. The jailer shall treat them humanely and furnish them with proper food and lodging and confinement. He shall deliver those who die in jail to their friends, if requested, or have them decently buried at the expense of the county.

KRS § 71.040. Construing this statute "strictly . . . in favor of the state," however, this Court finds that the "literal, usual and ordinary meaning" of the statute does not express a clear intention of the General Assembly to waive sovereign immunity. *Jones v. Cross*, 260 S.W.3d 343, 345-46 (Ky. 2008) (citation omitted); *see also* [Record No. 97, p. 28-29] (recognizing phrases like "sue and be sued" and "shall be liable" as expressing a clear intent to waive sovereign immunity). Thus, Defendant Cassity, in his official capacity, enjoys official immunity as to Plaintiff's tort claims arising out of Kentucky law. This Court, therefore, shall grant Defendants' Motion for Summary Judgment and dismiss Plaintiff's state law claims for negligence and intentional infliction of emotional distress against Defendant Cassity, in his official capacity.

Accordingly, **IT IS ORDERED**:

(1) that Defendants' Motion for Summary Judgment, as to Defendant Cassity, in his official capacity, is **GRANTED;** and

(2) that all claims against Defendant Cassity, in his official capacity, are **DISMISSED WITH PREJUDICE**.

This the 8th day of August, 2011.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge