UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| ASHLEY MAE WEBB, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 5:09-CV-314-JMH |
| | ) |
| v. | ) |
| | ) |
| JESSAMINE COUNTY FISCAL COURT, et al., | ) **MEMORANDUM OPINION AND ORDER** |
| | ) |
| Defendants | ) |
| | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court upon Plaintiff's Motion to Reconsider [DE 112] the Court's earlier order regarding punitive damages [DE 109]. In her Motion, Plaintiff argues that this Court is in error when it states that she may not recover punitive damages.

As an initial matter, Plaintiff is correct – punitive damages are available in actions under 42 U.S.C. § 1983 when the defendant's conduct "is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade,* 461 U.S. 30, 56 (1983). The law does not state that they are available in every § 1983 case though. More to the point, the standard of conduct triggering liability under § 1983 is not the same as that warranting punitive damages with respect to a § 1983 claim. *Gibson v. Moskowitz,* 523 F.3d 657, 665 (6th Cir. 2008). Conduct that rises to the level of deliberate indifference necessary to

establish liability under § 1983 does not necessarily rise to the level of "callous indifference" that warrants punitive damages. *See id.; Coleman v. Rahija,* 114 F.3d 778, 787 (8th Cir. 1997). Thus, even where there is sufficient factual support to raise a genuine issue of material fact with respect to liability under § 1983, it does not follow that such factual support exists for an instruction on punitive damages.

Section 1983 "presupposes that damages that compensate for actual harm ordinarily suffice to deter constitutional violations." *Memphis Cmty. Sch. Dist. v. Stachura,* 477 U.S. 299, 310 (1986). It follows that punitive damages should be permitted only in particularly egregious situations. As a threshold, a defendant's misconduct must be determined "sufficiently serious" in order to trigger the availability of punitive damages. *See Coleman,* 114 F.3d at 787. In the present case, the evidence of record does not suggest that Defendant Teaven's conduct was so egregious that it cannot be remedied by compensatory damages. In the absence of sufficiently egregious conduct, punitive damages are not available to Plaintiff Webb.

When Plaintiff entered the Jessamine County Detention Center ("JCDC"), she was nine months pregnant. The period of time from which Plaintiff's complaints to Defendant Teaven began and the time at which EMS was notified was around eight hours. Plaintiff complained of pain, pressure and the discharge of bodily fluids –

2

including the "breaking of her water" – due to labor during the course of those hours.  Even though Teaven had knowledge of those symptoms, she waited many hours before calling someone to attend Plaintiff's labor and delivery.  That said, the Court is not persuaded that these facts alone permit the inference that Defendant Teaven acted with reckless or callous indifference when she failed to obtain medical assistance sooner than when she ultimately did.  Even considering that evidence in light of the fact that Teaven told Plaintiff to stop urinating on herself and to put her clothes back on once they were soaked in Webb's amniotic fluid, the Court is not persuaded that this permits an inference of callous indifference (notwithstanding the fact that Teaven's remark itself is fairly callous).  Without more and considering the relatively short time frame in which events took place, the Court is not persuaded that a reasonable juror could find that Teaven's behavior was callously indifferent and rose to the level required for the imposition of punitive damages.

Plaintiff contends that one of the cases which persuades the Court, *Coleman,* is distinguishable. Certainly, the facts in each case are somewhat different.  The *Coleman* plaintiff had been seen intermittently by medical care providers for some twenty days prior to the birth of her child during her incarceration because her pregnancy was considered high risk only to be, essentially, left alone to labor by staff (including nurses) at the correctional

facility where she was held.  Nonetheless, both cases ultimately involve plaintiffs who went into labor and whose requests for aid and attendance were ignored at critical times during the course of labor.  As was the trial judge in *Coleman*, this Court is not persuaded that the evidence of record supports a finding or permits an inference that the persons responsible for the care of the inmate acted so eqregiously as to be considered "callously indifferent."

Accordingly, the relief sought by Plaintiff in its Motion for Reconsideration is **DENIED.**

This is the 26th day of August, 2011.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge